**UNITED STATES DISTRICT COURT**    **JS-6**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-01219 CJC (JTLx)                 Date:  January 7, 2009

Title: <u>DAVID J. PASTERNAK v. JOHN RAMIREZ, WAT KHMER VIPASSANARAM;
CHURCH OF THE REVELATION and DOES 1 through 25</u>

PRESENT:

### **HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michele Urie</u>                                   <u>    N/A    </u>
Deputy Clerk                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                   None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S
MOTION FOR REMAND AND DENYING PLAINTIFF'S MOTION FOR
SANCTIONS**[filed 12/17/08]

Having read and considered the papers presented by the parties, the Court finds
this matter appropriate for disposition without a hearing.  *See* FED. R. CIV. P. 78; LOCAL
RULE 7-15.  Accordingly, the hearing set for January 12, 2009 at 1:30 p.m. is hereby
vacated and off calendar.

Plaintiff David J. Pasternak, is a receiver appointed by the Superior Court of Los
Angeles in the case Khmer Buddhist Association ("KBA") v. Sar.  Mr. Pasternak brought
this related case against John Ramirez, Wat Khmer Vipassanaram, and the Church of the
Revelation (collectively "Defendants") in Los Angeles Superior Court for an accounting,
conversion, and money had and received.  (Notice of Removal, Ex. A, State Court
Compl. ("Compl.") ¶¶ 17, 19, 21-23.)  All parties in the case are alleged to be citizens of
California, in the counties of Los Angeles and Orange.  (Compl. ¶¶ 2-4.)  Mr. Pasternak
alleges that Defendants received the KBA's total assets—approximately $450,000 in cash
and six real properties—shortly before the state court appointed Mr. Pasternak as the
KBA receiver.  (Compl. ¶ 8.)  Defendants removed the case to this Court, pursuant to 28
U.S.C. §§ 1441(b)-(c), arguing that the case gives rise to federal questions because their
defenses to the state court actions involve interpretations of the First Amendment of the
United States Constitution and the United States Tax Code.  Mr. Pasternak now moves

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-01219 CJC (JTLx)                    Date: January 7, 2009
                                                                             Page 2

---

the Court to remand this case to the Superior Court of Los Angeles.   For the reasons
stated below, Plaintiff's motion for remand is GRANTED.

### ANALYSIS

        Under 28 U.S.C. § 1447(c), the Court must remand a case "[i]f at any time before
final judgment it appears that the district court lacks subject matter jurisdiction . . ."  The
burden of establishing subject matter jurisdiction falls on Defendants, as the party
seeking removal.  *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1426 (9th Cir.
1984).  Moreover, the removal statute is "strictly construed against removal jurisdiction."
*Id*.  A cause of action arises under federal law only when a plaintiff's well-pleaded
complaint raises issues of federal law.  *Emard v. Hughes Aircraft Co.*, 153 F.3d 949, 953
(9th Cir. 1998).  A plaintiff will not defeat removal by simply "masking or 'artfully
pleading' a federal claim as a state claim."  *Sullivan v. First Affiliated Sec., Inc.,* 484 U.S.
850 (1987).   A federal court can assert subject matter jurisdiction where a case either:
(1) raises a question under federal law; or (2) is between diverse parties and involves an
amount in controversy of over $75,000.  28 U.S.C. § 1331; 28 U.S.C. § 1332.

        Defendants have not made any argument for diversity jurisdiction.  The parties are
also not diverse, judging from the face of the complaint, as they are all citizens of
California.

        The well-pleaded complaint rule states that courts may not consider the
defendant's defenses, answers, or counterclaims when analyzing whether a case may be
removed from state court.  *Holmes Group Inc. v. Vornado Air Circulation Systems, Inc.*,
535 U.S. 826 (2002) (holding that a patent counterclaim was insufficient to provide
removal jurisdiction).  A court may only consider the claims made in the complaint,
which, in this case, are simply state-law claims for an accounting, conversion, and money
had and received.  This case presents similar issues to those resolved in a related case,
*KBA v. Sar*, SA08CV05265 (C.D. Cal. 2008.)  In that case, Judge David Carter remanded
to state court because federal question jurisdiction "does not exist where a suit in State
Court merely raises interesting questions of Federal or Constitutional Law in the
abstract."  (*KBA,* Order of Sept. 8, 2008, remanding to state court.)

        Although Defendants allege that this case presents questions of interpretation of
the United States Constitution and federal statutes, they do not present a case for removal

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-01219 CJC (JTLx)                    Date: January 7, 2009
                                                        Page 3

---

jurisdiction based upon the face of the complaint.  Mr. Pasternak's complaint is a straightforward action alleging claims under state common law.  Regardless of whether this case involves interpretation of federal laws or the presentation of Constitutional defenses, the Court cannot exercise removal jurisdiction.  For the foregoing reasons, Mr. Pasternak's motion to remand is GRANTED.[1]


jls

MINUTES FORM 11
CIVIL-GEN                                              Initials of Deputy Clerk MU

---

[1] Plaintiff's motion for sanctions under Rule 11 is DENIED.  Mr. Pasternak argues that the notice of removal filed in this case is frivolous in light of Judge Carter's ruling in *KBA v. Sar*.  Federal Rule of Civil Procedure 11 states that the court "may impose appropriate sanction" where it sees fit to do so.  Thus, sanction is discretionary, not mandatory.  Sanctions are appropriate in the "rare and exceptional case where the action is *clearly* frivolous, legally unreasonable, or without legal foundation, or brought for an improper purpose."  *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 32, 34 (9th Cir. 1988.)  There are some differences between the present case and *KBA* which could have led Defendants to believe that there would be different outcome in this removal.  The primary reason that Judge Carter gave for remanding *KBA* was that the individuals who removed that case to federal court were not defendants in the case.  The lack of jurisdiction was a secondary reason for Judge Carter's decision.  Given that Judge Carter's decision is somewhat distinguishable from this case, and given the expansive protections afforded to religion under the Free Exercise Clause of the First Amendment, it is plausible that the removal filed by defendants was merely creative lawyering, and not a malicious attempt to delay action in the state court.  Therefore, the Court declines to exercise its discretion to issue sanctions.